UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE D'AMBROSIO, | : | Case No. 1:00 CV 2521 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| MARGARET BAGLEY, Warden, | : | |
| | : | **ORDER** |
| Respondent. | : | |

This matter comes before the Court upon the Respondent's and Cuyahoga County Prosecutor's Motion for Extension of Time and Motion to Intervene. (ECF Nos. 210; 211.) Pursuant to this Court's September 11, 2008, Order, the State was allotted 180 days to either re-try Petitioner, Joe D'Ambrosio, or set aside his conviction and sentences. (ECF No. 209.) Because of the need for DNA testing of some evidence, the state trial court has continued D'Ambrosio's re-trial. Consequently, the State will not be in a position to retry D'Ambrosio prior to the deadline of March 10, 2009 set by this Court. The State filed the above motions on March 4, 2009, six days before the expiration of the 180-day period.

On March 5, 2009, the Court held a conference with all parties, including the Cuyahoga County Prosecutor's Office. At that time, the Court granted the Prosecutor's request to intervene, as unopposed, and then allowed the parties to be heard regarding the appropriate procedure for resolution of the Motion for Extension of the 180-day deadline. D'Ambrosio's counsel vigorously objected to any obligation to respond to such a critical and potentially dispositive motion on an

expedited basis. Instead, D'Ambrosio's counsel asked the Court to either: 1) deny the motion with no further process and allow the 180-day deadline to expire as scheduled; or 2) fashion a mechanism that would allow a meaningful opportunity to brief the issues raised by the government's motion, without prejudicing any objections thereto which D'Ambrosio might currently possess. While, of course, objecting to Petitioner's first alternative, neither the State nor the Prosecutor objected to a limited extension of the 180-day deadline. The state and prosecutor acknowledged that this extension would be for the sole purpose of providing all parties a full and fair opportunity to litigate the question of whether this Court should bar a re-trial of this matter after the Court's resolution of the Motion for Extension.

The Court has determined, in the interests of justice, that it should enlarge the 180-day period solely for purposes of allowing the parties to brief and present the issues outlined in the motion. This extension is without prejudice to any argument the Petitioner wishes to make about the propriety of extending the 180-day deadline, including objections premised on the timing of the Respondent's pending motions. The Court hereby bars any re-trial of D'Ambrosio while the Respondent's Motion to Extend remains under consideration. In addition, if the DNA test results become available before this Court issues its decision, the results shall be filed with the state trial court *in camera*, where they shall be held under seal until this federal habeas proceeding has concluded.[1]

The Court and the parties agreed to the following briefing and hearing schedule:

---

[1] Only the state trial judge may have access to, or be privy to, the results of those tests during this period of time. All technical or other personnel involved in the testing process must treat the testing and results thereof as highly confidential, not disclosing the results to any parties to this proceeding, including personnel affiliated with or working in conjunction with the Cuyahoga County Prosecutor's Office.

(1) Petitioner's counsel shall file a brief in opposition to the Motion to Extend no later than March 16, 2009; (2) if the Respondent and the Cuyahoga County Prosecutor's Office wish to file a reply brief, they may file a joint brief by March 24, 2009; (3) a hearing on this matter is set for April 1, 2009, at 10:00 a.m.[2] Mindful of the state court's current trial schedule, the Court intends to rule on the Motion to Extend on an expedited basis thereafter.

The Motion to Extend, (ECF No. 211), is granted for the reasons and under the guidelines set forth above. The Petitioner's oral objection to any extension of the 180-day time is noted.

**IT IS SO ORDERED.**

             s/ Kathleen M. O'Malley
             **KATHLEEN McDONALD O'MALLEY**
             **UNITED STATES DISTRICT JUDGE**

**DATED: March 6, 2009**

---

[2] While the Court had hoped to hold a hearing sooner, Petitioner's pro bono counsel represented to the court that he has an unavoidable conflict for a substantial time period in March.