UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE D'AMBROSIO, | ) | CASE NO. 1:00CV2521 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |

Before the Court is Petitioner, Joe D'Ambrosio's (hereinafter "D'Ambrosio") Application for Certificate of Appealability. (ECF No. 245.) D'Ambrosio seeks a certificate of appealability (hereinafter "COA") to appeal that portion of this Court's April 27, 2009, Memorandum of Opinion which refused to bar his retrial after granting him an unconditional writ of habeas corpus. (ECF No. 243.) The Respondent (hereinafter "the Warden") filed a brief in opposition, (ECF No. 246), and D'Ambrosio filed a reply.[1] (ECF No. 249.) For the following reasons, the Court **GRANTS** the Application for a COA.

**I. Procedural Background**

On March 4, 2009, the Warden and State filed a Joint Motion For Extension of Time to Comply with the Mandate to Retry Petitioner. (ECF No. 211.) After preliminarily granting the

---

[1] After D'Ambrosio filed the Application for a COA, the Court issued an Order permitting the Cuyahoga County Prosecutor's Office (hereinafter "the State"), an intervening party in this matter, the opportunity to file a separate brief opposing the Application. (ECF No. 247.) The State did not take advantage of that opportunity and expressed no opinion on D'Ambrosio's request.

Joint Motion to allow time for an evidentiary hearing, the Court issued a Memorandum of Opinion and Order denying the Joint Motion to extend the time under the mandate. (ECF No. 243.) The Court also issued an unconditional writ of habeas corpus and ordered an expungement of D'Ambrosio's conviction and criminal record. The Court, however, expressly declined D'Ambrosio's request that it also bar the State's reprosecution of him. (*Id.*) Finally, the Court delayed its issuance of an unconditional writ for fifteen (15) days to allow time for the state trial court to address the continuing propriety of the bond restrictions previously imposed on D'Ambrosio. (*Id.*)

On May 21, 2009, D'Ambrosio filed the Application for a COA that is now decisional before the Court. (ECF No. 245.)

## II. Applicable Law

Section 2253 of Title 28 requires that a habeas petitioner obtain a COA prior to appealing the denial of habeas relief. That statute states in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253. In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained the requirements a habeas petitioner must fulfill prior to obtaining a COA under § 2253:

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Id*. at 483–04 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4).  While the burden to obtain a COA rests squarely on the petitioner, the petitioner is not required to prove that his or her claims ultimately will prevail.  "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).[2]

### III. Analysis

### A. The Court Has Jurisdiction to Issue a COA

In her opposition to the Application, the Warden maintains that the Court has no

---

[2]      D'Ambrosio notes in his Application that, pursuant to the statute and Supreme Court precedent, it is unclear whether he is required to obtain a COA from this Court prior to appealing its decision because he is not appealing a denial of his habeas petition. He explains that he filed the pending Application out of an abundance of caution.  (ECF No. 245, at 1.)

In *Harbison v. Bell*, – U.S. – , 129 S.Ct. 1481 (2009), the Supreme Court held that a habeas petitioner is required to obtain a COA only from "final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention."  *Id.* at 1485 (citations omitted).  It therefore concluded that an order that denies a motion to enlarge the scope of appointed counsel's representation is not subject to the COA requirement.  *Id.*

This Court's April 27, 2009, Memorandum of Opinion falls somewhere between an adjudication on the merits of the claims and an adjudication on a purely procedural issue.  While the issue was initially presented to the Court as a purely procedural one– *i.e.*, whether to enlarge the time in which the State could retry D'Ambrosio– once it declined to do so, the Court was then required to determine whether to issue an unconditional writ and/or bar reprosecution.  Those questions required a fairly intensive inquiry regarding the State's conduct.  They also required the Court to squarely address the lawfulness of D'Ambrosio's continued detention.  For these reasons, this matter is distinguishable from the circumstances in *Harbison*.

Because the Court agrees with petitioner that it is unclear whether a COA is a necessary prerequisite to his appeal, the Court, considers D'Ambrosio's request for a COA to avoid delay in the event that the Sixth Circuit finds that it is.

jurisdiction to issue a COA because there is no longer an Article III "case or controversy" before it. While she cites no authority in support of her assertions, she argues that, because D'Ambrosio sought and obtained a writ of habeas corpus and an expungement of his state criminal record, there is no dispute left to resolve between the parties. (ECF No. 246.) In effect, the Warden argues that the Court has no jurisdiction to entertain D'Ambrosio's Application because it is moot.

This assertion is mistaken. It is true that the Court granted D'Ambrosio the unconditional writ he sought and that D'Ambrosio is not now subject to detention by the State.[3] It is not true, however, that D'Ambrosio has no interest in the appeal of this Court's Opinion. The Court expressly declined to bar D'Ambrosio's reprosecution. As noted in its April 27, 2009, Memorandum of Opinion, because there was nothing defective about the original indictment (as distinct from the constitutional defects in the trial premised on that indictment), the State remains free to re-arraign D'Ambrosio on those original charges and retry him. *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) (citations omitted). While the State apparently has not chosen to do so to date, it also has not moved to dismiss the original indictment. As such, D'Ambrosio retains a material interest in the portion of this Court's Opinion that refused to protect him from the threat of prosecution posed by that indictment.

Although a court's jurisdiction over a case may abate "if interim relief or events resolve all issues in litigation," *Int'l Union, United Auto., Aerospace, Agric. and Implement Workers of*

---

[3] It appears that the State let the fifteen day grace period afforded it by the Court expire without seeking to re-arraign D'Ambrosio or reimpose any bond conditions upon him. The State, accordingly, has no current basis upon which to impose restrictions on D'Ambrosio's freedom.

*Am. v. Dana Corp.*, 697 F.3d 718, 721 (6th Cir. 1983) (citation omitted), it does not lose jurisdiction where some issues become moot but others remain in controversy. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981). While the issuance of the unconditional writ rendered that issue moot, the Court's decision not to bar reprosecution remains an active issue for D'Ambrosio to appeal.

Moreover, as the Supreme Court has held, a petitioner need not subject himself or herself to actual arrest or prosecution to establish a "case or controversy" in federal court. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). As long as threats of prosecution are neither "imaginary [n]or speculative," the petitioner presents the "actual controversy" required under Article III. *Id.* at 458. *See also People's Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998) (holding petitioner need "not await the consummation of threatened injury to obtain preventive relief.").

Here, the State consistently has expressed its desire to prosecute D'Ambrosio to the fullest extent possible. Not only has the State articulated its desire to reprosecute D'Ambrosio for aggravated murder, it has stated its desire to re-seek the death penalty upon his conviction. The Court finds the State's overt statements regarding its intent to reprosecute D'Ambrosio sufficient to meet the "actual controversy" requirement under *Steffel.* The Warden's assertions to the contrary are without merit.

### B. A COA Should Issue

Because the Court determines that it is within its jurisdiction to issue a COA, it now must decide if one is warranted. Based on the sparse case law on this issue and the absence of authority defining the equitable considerations for barring reprosecution, a COA clearly should

-5-

issue. As the Court observed in its lengthy Memorandum of Opinion, "There is little clear authority defining 'extraordinary circumstances' beyond *Satterlee [v. Wolfenbarger]*'s general statement that such circumstances might exist when 'the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial . . . .'" *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006).

Indeed, the Warden concedes in her opposition brief that "the scant and conflicting authority on the question whether a habeas court can bar reprosecution make the propriety of the Court's thoughtful and well- reasoned decision open for debate among reasonable jurists." (ECF No. 246, at 1.) Thus, even the Warden acknowledges that this Court's findings can be debated among jurists of reason pursuant to *Slack*.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** D'Ambrosio's Application for a Certificate of Appealability. (ECF No. 245.)

**IT IS SO ORDERED.**

                                                    s/ Kathleen M. O'Malley
                                         **KATHLEEN McDONALD O'MALLEY**
                                         **UNITED STATES DISTRICT JUDGE**

DATED: June 9, 2009

S:\00cv2521.coa.wpd